```
TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A
--------------------------------------------------------------------------------

FROM: 54652509
TO: Legal, Diaz; Parvis, Shamsi
SUBJECT: usawaw.habeas@usdoj.gov
DATE: 09/04/2023 06:26:28 PM
```

MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198
mparviz@linkedup.vip
(972) 375-1202
Petitioner

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| MAHSA PARVIZ,<br>   Petitioner,<br>v.<br>H. BARRON<br>   Warden,<br>   Federal Detention Center SeaTac,<br>C. PETERS<br>   Director,<br>   Bureau of Prisons,<br>   Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-01407-JHC-DWC<br><br>PETITION FOR WRIT OF<br>HABEAS CORPUS UNDER<br>28 U.S.C. SEC. 2241,<br>REQUEST FOR EXPEDITED<br>CONSIDERATION, MOTION<br>FOR APPOINTMENT OF<br>COUNSEL |

FILED / LODGED / RECEIVED — MAIL
SEP 08 2023
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Comes now, MAHSA PARVIZ, Petitioner, and files this Petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2241, Request for Expedited Consideration, and Motion for Appointment of Counsel.

    I.   PARTIES

1.1  Petitioner MAHSA PARVIZ is in the custody of the Bureau of Prisoners, at the Federal Detention Center SeaTac in Seattle, Washington.

1.2  Respondent HOWARD BARRON is the Warden of Federal Detention Center SeaTac, located within the Western District of Washington and the jurisdiction of this Court, and is named in his official capacity.

1.3  Respondent, through the Bureau of Prisons, an agency of the United States Department of Justice, is responsible for petitioner's custody and administration of their term of incarceration, including the application of earned time credits.

    II.  JURISDICTION

2.1  This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 2241, because Petitioner's term in custody is being executed in a manner that exceeds the lawful sentence and violates the Constitution and laws of the United States.

2.2  This Court also has jurisdiction over this action pursuant to the constitutional writ of habeas corpus and the Court's ancillary jurisdiction over management of its proceedings, vindication of its authority, and effectuation of its decrees. See, e.g., Boumediene v. Bush, 553 U.S. 723, 729 (2008).

2.3  Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1404 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

2.4  Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1343(a)(4) because she seeks to redress the deprivation of their rights guaranteed by both the Constitution and federal statutes.

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----

### III. STATEMENT OF FACTS

3.1  On December 16, 2023, Petitioner was found guilty by a jury of one count of making a false statement on a passport application in violation of 18 U.S.C. Sec. 1542 and one count of aggravated identity theft in violation of 18 U.S.C. Sec. 1028(a)(1).

3.2  The indictment provides an offense date of June 11, 2019 for both counts. Attached hereto as 'EXHIBIT A' and fully incorporated herein by reference for all purposes is a true and correct copy of the Indictment in Cause No. 2:21-cr-00293-SB (DMGx).

3.3  On July 12, 2022, Petitioner was sentenced in the Central District of California under Cause No. 2:21-cr-00293-SB (DMGx) to "a total term of 61 months: 37 months as to Count One, and 24 months as to Count Two, to be served consecutively." No. 2:21-cr-00293-SB (DMGx), Dkt. # 121. Attached hereto as 'EXHIBIT B' and fully incorporated herein for all purposes is a true and correct copy of the Judgment in Cause No. 2:21-cr-00293-SB (DMGx).

3.4  Petitioner is serving her sentence at the SeaTac Federal Detention Center with a projected release date, as calculated by the BOP, of December 7, 2025.

3.5  Petitioner is eligible to receive Earned Time Credits (ETCs).

3.6  On the offense date for both Federal offenses, Petitioner was serving an undischarged sentence for attempted kidnapping in the state of Texas. The Court properly determined at sentencing that the Texas state attempted kidnapping offense is relevant conduct. Pursuant to U.S.S.G. 5G1.13, Petitioner is entitled to receive credit for time served.

3.7  Ms. Parviz, who was incarcerated from August 9, 2019 to January 5, 2021, and from July 12, 2021 to the present date for engaging in the relevant offense conduct, has only been credited for exactly one year of time served prior to sentencing on July 12, 2022.

3.8  If the BOP applied the ETCs that Petitioner has earned, Petitioner would be entitled to immediate release.

3.9  The Bureau of Prisons has taken the position that Petitioner is not eligible for ETCs and has failed to offer any explanation why. Petitioner submitted administrative remedy form BP-11 to the Bureau of Prisons Office of General Counsel on July 3, 2023 requesting her time credits and did not receive a response, although a response should have been received within 30 days.

### IV. STATUTORY BACKGROUND

4.1  The First Step Act ("FSA") provides that inmates "shall" earn ETCs for successful programming. 18 U.S.C. Sec. 3632(d)(4)(A).

4.2  The FSA provides that the credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. Sec. 3632(d)(4)(C). That same subsection mandates that "the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."

4.3  Individuals are not eligible to apply credits "if the prisoner is serving a sentence or conviction" under specified "provisions of law." 18 U.S.C. Sec. 3632(d)(4)(D).

4.4  Petitioner's federal offenses do not disqualify her from applying ETCs.

4.5  The BOP must apply earned time credits to eligible people who have earned them and "cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. Sec. 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAR, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, No. C22-1509-RSL-BAT, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

### V. STATEMENT OF RELATED CASES

5.1  To wit, Cause No. 2:23-cv-00755-RSL in the Western District of Washington at Seattle is the only related case.

### VI. NO WAIVER

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

6.1  Petitioner provides notice of intent to file a supplement to the instant original petition when stand-by counsel is appointed. Petitioner does not waive any rights, claims or defenses and provides notice that she expressly reserves any such rights, claims or defenses.

### VII. REQUEST FOR EXPEDITED CONSIDERATION

7.1  Petitioner requests expedited consideration of her claims under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

### VII. MOTION FOR APPOINTMENT OF COUNSEL

8.1  Petitioner moves this honorable Court for appointment of counsel to represent Petitioner in these proceedings pursuant to 18 U.S.C. Sec. 3006A(a)(2)(B).

8.2  Petitioner has only recently been alerted to fraud on the court in the foregoing related civil case and intends on contesting the validity of the underlying state cases upon which the Federal convictions are based and the validity of the Federal convictions.

8.3  Given the complex issues involved in this case, the interests of justice require that counsel be appointed for Petitioner. Petitioner has demonstrated financial eligibility, as statutorily required, and is eligible for such appointment.

8.4  Petitioner is presently represented by CJA Panel attorney, Karyn Bucur, in her pending direct appeal in the 9th Circuit, Cause No. 22-50160, and requests that Ms. Bucur be appointed as stand-by counsel.

### IX. REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner requests that this Court:

1. Consider this petition on an expedited basis;

2. Appoint stand-by counsel;

3. Grant the writ of habeas corpus;

4. Require that the Bureau of Prisons apply Petitioner's earned time credits; and

5. Grant such other and further relief, pursuant to 28 U.S.C. Sec. 2243, as law and justice require.

DATED this 4th day of September, 2023.  Respectfully submitted,

/s/ Mahsa Parviz
MAHSA PARVIZ

## CERTIFICATE OF SERVICE

I, **Mahsa Parviz** do hereby certify that a true and correct copy of the foregoing has been furnished by **email & us mail** (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this **4Th** day of **September** 20**23**.

to:
H. Barron                     C. Peters
Warden, FDC SeaTac            Director, BOP
P.O. Box 13901                320 1st St. N.W.
Seattle, WA 98198             Washington, DC 20534

usawaw.habeas@usdoj.gov

9/4/2023
Date                                          Signature

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



FEDERAL DETENTION CENTER
NAME: Mohsen Parviz
REG: 54653509   UNIT: DA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

FILED
LODGED
RECEIVED

SEP 08 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

U.S. District Court - Western Dist. WA
Attn: Clerk's Office (New civil filing)
700 Stewart St.
Seattle, WA 98101
98101-443959