TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198
bparviz@collin.edu
(972) 375-1202

Petitioner

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MAHSA PARVIZ,<br>Petitioner,<br><br>v.<br><br>H. BARRON and C. PETERS,<br>Respondents. | ) CASE NO. 2:23-CV-01407-JHC-DWC<br>)<br>)<br>) PETITIONER'S OPPOSITION TO<br>) RESPONDENTS' MOTION FOR<br>) EXTENSION OF 30 DAYS TO<br>) FILE A RETURN (Dkt. 23)<br>)<br>) Hon. David W. Christel,<br>) Chief United States Magistrate Judge |

COMES NOW, Petitioner Mahsa Parviz and hereby gives notice of filing and files her OPPOSITION to Respondents' February 7, 2024 Motion for Extension of Time to File a Return (Dkt. 23). This opposition is based upon the facts here, the evidence on file, the filings, including her concurrently submitted ex parte motion for Order Denying Respondent's Motion (Dkt. 23) and a proposed order.

Dated: February 8th, 2024

Respectfully,

/s/ Mahsa Parviz
MAHSA PARVIZ

Respondent has failed to identify any good cause to grant a 30 day extension and merely identifies general tasks all counsel complete within the 30 day timeframe for habeas petitions like Petitioner's (Dkt. 9). Respondent claims the response to Petitioner's Sec. 2241 petition requires "review of Parviz's underlying federal conviction, her criminal history, and her current appeals to the Ninth Circuit" but none of these tasks are reasons to justify a 30 day extension.

This Court issued an Order directing Respondent to answer to Petitioner's Sec. 2241 habeas petition within 30 days of

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----

service of the January 9, 2024 Order and the Sec. 2241 habeas petition. The record reflects that the lead attorney to be noticed on behalf of Respondents has, since initiation of this cause on September 8, 2023, has been the US Habeas Attorney at usawaw.habeas@usdoj.gov. Respondents' counsel receives electronic service via the Court's CM/ECF system and therefore, Respondents accepted service on January 9, 2024 and must file a timely return as provided in 28 U.S.C. Sec. 2243 on or before February 8, 2024. To request an additional 30 days to file their return on the day before a proper return is due, especially one that wholly lacks merit and fails to identify good cause in support thereof, runs afoul of the Court's Order of January 9, 2024 such that it only demonstrates Respondents' lack of candor for the Court and complete disregard of the resulting prejudice to Petitioner who is not only eligible for immediate release but has served approximately 5 months in unlawful custody in excess of the Judgement of Conviction. Attached hereto as 'EXHIBIT A' and fully incorporated herein for all purposes s an Order for Service and Answer of a 28 U.S.C. Sec. 2241 Petition issued in a similar case in this District, which provides for the most commonly accepted method of service of electronic posting of the Order and Sec. 2241 habeas petition which shall effectuate service upon Respondents. See Espinoza v. Barron, Case. No. 2:23-cv-967-JHC-TLF in the Western District of Washington (writ granted by the Hon. John Chun).

Even if this Court finds that service on Respondents was made January 17, 2024 and that the deadline for Respondents' return is February 16, 2024, Respondents' Motion for a 30-day extension does not identify and good cause to support granting a 30-day extension, especially since each day Petitioner remains in the BOP's custody is another day in excess of her lawful sentence. The resulting prejudice to Petitioner, who has already served 5 months in excess of her lawful sentence despite bringing the petition to Respondents' attention in a timely manner on September 8, 2023 for immediate release 5 months ago, cannot be remedied and will never be returned to Petitioner.

For the reasons identified supra and supported by the record before this Court, Respondent's Motion for Extension of Time to File a Return to a Petition for Habeas Corpus Under 28 U.S.C. Sec. 2241, filed February 7, 2024, should be DENIED.

This Court should make findings of fact in it's denial which Petitioner has provided in the proposed Order filed concurrent with the instant Opposition.

The record has been sufficiently developed to support a grant of Sec. 2241 habeas relief to Petitioner, which includes credit for time served toward the Texas attempted kidnapping in Collin County Jail from August 9, 2019 to January 5, 2021 in the amount of 516 days as mandated under 18 U.S.C. Sec. 3585, and credit for FSA time credits from July 12, 2021 to February 8, 2024, and ongoing, in the amount of 310 days under the First Step Act ("FSA"). Dkt. 8 and 9. Petitioner is entitled 826 days of time credits. Respondent reported Petitioner's projected release date is January 3, 2026, which is approximately 700 days or 23 months away. Accordingly, Petitioner's incarceration continues to exceed her lawful sentence by approximately 126 and ongoing absent this Court's grant of habeas relief directing the BOP to recalculate Petitioner's earned time credits to include the 826 days calculated herein and directing the BOP to release Petitioner instanter.

Dated: February 8th, 2024

Respectfully submitted,

____/s/ Mahsa Parviz_____
MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198
bparviz@collin.edu
(972) 375-1202

Petitioner

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

----

MAHSA PARVIZ
P.O. Box 13900
Seattle, WA 98198
bparviz@collin.edu
(972) 375-1202

Petitioner



FILED _____ LODGED
_____ RECEIVED

FEB 20 2024

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MAHSA PARVIZ,<br>Petitioner,<br><br>v.<br><br>H. BARRON and C. PETERS,<br>Respondents. | ) CASE NO. 2:23-CV-01407-JHC-DWC<br>)<br>)<br>) EX PARTE MOTION FOR ORDER DENYING<br>) RESPONDENTS' MOTION TO EXTEND TIME<br>) TO FILE A RETURN (Dkt. 23) AND SAME<br>) DAY NOTICE TO RESPONDENTS THAT<br>) DEADLINES REMAIN AS ORDERED (Dkt. 16)<br>)<br>) Hon. David W. Christel,<br>) Chief United States Magistrate Judge<br>)<br>) [NOTE SAME DAY MOTION: February 8, 2024] |

   Respondents have filed an untimely Motion to Extend Time to File a Return (Dkt. 23) in violation of LCR(d)(2). The motion was filed Wednesday, February 7, 2024 and noted for consideration on the deadline Respondents must file their return for timely consideration, which Respondents concede is Friday, February 16, 2024.
   Respondents failed to make any meaningful attempt to at least notify Petitioner of its intent to move this Honorable Court for a 30-day extension, much less comply with LCR(d)(2)'s mandatory language, which requires "the moving party shall ensure that the motion papers are received by the opposing party on or before the filing date." See LCR(d)(2).
   Petitioner did not receive the motion papers (Dkt. 23) on or before the filing date of February 7, 2024. Instead, Petitioner went our of her way to access PACER indirectly with the assistance of her mother, who is a senior citizen and College math professor teaching full-time and who is unfamiliar with the PACER platform and lacks any formal or informal legal training. Petitioner first discovered Respondents' Motion for time extension (Dkt. 23) today, February 8, 2024, after her mother emailed the filing by copying and pasting the contents from PACER to CORRLINKS for Petitioner on February 8, 2024. Petitioner submitted responsive pleadings, including an Opposition, the instant motion, and a proposed order denying extension of the deadline, on the same day she received information from her own Mother instead of Counsel for Respondents. Petitioner utilized assistance from the same third-party to email Counsel for Respondents at her email address of record to notify Respondents of her intent to file an Opposition to her February 7, 2024 motion later that evening on February 8, 2024. Petitioner also requested to confer with Respondents in an effort to answer any questions and reach a joint resolution given that Petitioner has served, to date, approximately five months in excess of her lawful sentence.
   Under LCR(d)(2) and a General Order of this Court, Respondents' Motion, which seeks relief from the 30-day deadline to file its return, as Ordered January 9, 2024 (Dkt. 16), in not properly before the Court as it can "be noted for consideration no earlier than the second Friday after filing and service of the motion". See LCR(d)(2). Petitioner has not been served with Respondents' motion yet. Even if Respondents served Petitioner as early as tomorrow, Friday, February, 9, 2024, the earliest date for noting the matter for consideration would be Friday, February, 23, 2024, as it cannot be considered any earlier than the second Friday after filing and service on Petitioner.
   Respondent waited until the last minute to consider filing a return despite clear notice that "Respondents shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. Sec. 2243." (Dkt. 16) and instead filed a motion for relief from the deadline ordered by this Court on January 9, 2024 (Dkt. 16), which is not able to be noted for consideration until exactly one week after the date Respondents concede is timely under the Court's orders, said hearing date having been calculated by Respondent as Friday, February 16, 2024.
   Accordingly, Respondents have failed to show cause why the Sec. 2241 Petitioner for habeas corpus (Dkt. 9) should not be granted due to its failure to file a return as provided in 28 U.S.C. Sec. 2243, and its failure to seek a timely motion for relief from its February 16, 2024.

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

Even if this Court considered Respondents' motion on its merits, it would not be able to grant an extension of time due to the Government's failure to show good cause. The motion for extension of time claims the response to Petitioner's Sec. 2241 petition requires "review of Parviz's underlying federal conviction, her criminal history, and her current appeals to the Ninth Circuit" but all three tasks Respondents identified are normally undertaken by most, if not almost all attorneys, who prepare returns to Sec. 2241 habeas petitions, and are generally completed without time extensions.

For the reasons detailed supra, this Court should consider Respondents' failure to file a timely return as evidence of Respondents" position as non-opposition. This Court should therefore dispense with any addition opportunities for briefing as initially Ordered (Dkt. 16) and must issue a Report and Recommendation that Petitioner's federal habeas petition (Dkt. 9) be GRANTED, and that the BOP be directed to recalculate Petitioner's time credits to include the 516 days served in Texas State custody from August 9, 2019 through January 5, 2021, as mandatory under 18 U.S.C. Sec. 3585, and 310 days of time credits from July 12, 2021 through February 8, 2024 and ongoing at a rate of 10 days earned per 30 days as mandated under the FSA. The BOP should also be directed to release Petitioner instanter as she has served five months in excess of her lawful sentence. Alternatively, this Court may enter the accompanied proposed order which notifies Respondent that it must file its return on or before February 16, 2023.

WHEREFORE, PREMISES CONSIDERS, Petitioner prays that the Court granther habeas relief and order her immediate release from BOP custody.

DATED: February 8, 2024

Respectfully,

_/s/ Mahsa Parviz_
MAHSA PARVIZ

## VERIFICATION

I hereby swear under penalty of perjury of the laws of the United States that the facts herein are true and correct and are made upon my personal knowledge.

EXECUTED on the 8th day, February 2024 by MAHSA PARVIZ.

_/s/ Mahsa Parviz_
MAHSA PARVIZ

## CERTIFICATE OF SERVICE

I hereby swear under penalty of perjury of the laws of the United States that I deposited a true and correct hand-written copy of the foregoing motion in the mailbox at FDC SeaTac on February 8th, 2024 for service on the following via USPS First Class mail:

Lyndsie R. Schmalz
700 Stewart St. #5220
Seattle, WA 98101

_/s/ Mahsa Parviz_
MAHSA PARVIZ

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

FROM: 54652509
TO: Parvis, Shamsi
SUBJECT: 2:23-cv-01407-JHC-DWC
DATE: 02/06/2024 06:36:19 PM

In re: 2:23-cv-01407-JHC-DWC; Parviz v. Barron, et al.

---

February 6, 2024

Dear Ms. Schmalz,

I am writing regarding the above-numbered cause and was recently informed you have filed a Notice of Appearance on behalf of Mr. Barron. I just wanted to know your position and if you plan on opposing the habeas. Ms. Corey Endo at the Federal Public Defender's Office has been assisting me throughout the habeas and can share information with you. She is not formally appointed so you are able to communicate with me directly.

Would you be willing to file a Letter of Non-Opposition to help expedite the habeas or are there any questions you have for me? I've served in excess of my lawful sentence already if the BOP gives me credit for my state offenses in TX (attempted kidnapping and tampering: 516 and 550 days, respectively, all served after the offense conduct of the federal action) and if my 10 days of FSA credits would be applied on the 31 months I have served and continue to serve in the BOP.

I have copies of a majority of my BP 8, 9, 10 and 11 or have at least logged the dates they were placed in the mailbox. It's not very often that I receive an acknowledgement of their receipt or an answer.

Respectfully,
Mahsa Parviz

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

------------------------------------------------------------------------

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

MAHSA PARVIZ,
    Petitioner,

CASE NO. 2:23-CV-01407-JHC-DWC

v.

[PROPOSED] ORDER

H. BARRON and C. PETERS,
    Respondents.

    Before the Court is Respondents' Motion For A 30 Day Extension Of Time To File A Return (Dkt. 23), Petitioner's Opposition thereto, Petitioner's Ex Parte Motion For An Order Denying Respondents' Motion and declarations in support of Petitioner's release. Having reviewed the relevant record, the Court finds Respondents have failed to show good cause to grant an extension of 30 days in order to file their return as Petitioner is entitled to relief on the merits of her Petition (Dkt. 9) and for immediate release from BOP custody. Respondents are ORDERED to immediately release Petitioner from custody within 24 hours of entry of this Order.
    Unwarranted extensions of time must be avoided as substantial prejudice would result to Petitioner, who has demonstrated that she has completed her lawful sentence, is entitled to immediate release and is being held in excess of her lawful sentence. A Report and Recommendation will follow.

DATED this _____ day of February, 2024.

                                                                    HON. DAVID W. CHRISTEL,
                                                                    Chief United States Magistrate Judge

## § 3585. Calculation of a term of imprisonment

**(a) Commencement of sentence.** A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

**HISTORY:**
Added Oct. 12, 1984, P. L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 2001.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

**Consideration of application by court, generally**

Requirement in 28 USCS § 2243 that court act "forthwith" requires application for habeas corpus to be given high priority in court calendar. Ruby v. United States, 341 F.2d 585, 9 Fed. R. Serv. 2d (Callaghan) 81a.22, 3 (9th Cir. 1965), cert. denied, 384 U.S. 979, 86 S. Ct. 1877, 16 L. Ed. 2d 689 (1966).

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

Appropriate relief for petitioner whose constitutional rights had been violated by delays in post-trial proceedings would be reduction of his sentence by amount of time he was incarcerated due to delays. Burkett v. Fulcomer, 951 F.2d 1431 (3d Cir. 1991), cert. denied, 505 U.S. 1229, 112 S. Ct. 3055, 120 L. Ed. 2d 921 (1992).

Although short stay may be appropriate in habeas case to await determination in parallel case in same court, court had never authorized, in interests of judicial economy, indefinite, potentially lengthy stay; long stay would reduce **writ** of habeas corpus to sham and threat to create perception that courts are more concerned with efficient trial management than with vindication of constitutional rights. Hoeun Yong v. INS, 208 F.3d 1116, 2000 Cal. Daily Op. Service 2782, 2000 D.A.R. 3729 (9th Cir. 2000).

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

---

**Frederick Freeman DARSEY, Petitioner, v. UNITED STATES of America, Respondent**
**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION**
318 F. Supp. 1346; 1970 U.S. Dist. LEXIS 9836
No. 18634-4
October 17, 1970

---

**Judges:** {1970 U.S. Dist. LEXIS 1} Elmo B. Hunter, District Judge.

Opinion

**Opinion by:**          HUNTER

Opinion

{318 F. Supp. 1347} MEMORANDUM AND ORDER GRANTING APPROPRIATE EQUITABLE RELIEF

ELMO B. HUNTER, District Judge.

Petitioner, a convicted inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri, has filed in forma pauperis a petition for writ of habeas corpus raising issues concerning the execution of his federal sentence and the conditions of his confinement in the Medical Center.

Petitioner alleges that on September 5, 1969, he was sentenced by the United States District Court for the Middle District of Florida to a total term of eighteen months confinement following his conviction upon three misdemeanor charges. Petitioner further states that the judgment of conviction was rendered by a judge without a jury and that he appealed the judgment of conviction to the United States Court of Appeals for the Fifth Circuit.

In support of his application for habeas corpus relief, petitioner sets forth the following contentions: (1) that he has been incarcerated in seventeen different penal institutions within the past eleven months; (2) that this "constant uprooting" has subjected him to undue mental and physical{1970 U.S. Dist. LEXIS 2} suffering; (3) that due to this constant movement among penal institutions he has been deprived of certain rights to mail, counseling, recreational facilities, educational opportunities, physical exercise, religious worship, and sanitary facilities; (4) that such treatment constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment of the Constitution.

Upon even a cursory review of the testimony and evidence adduced at the evidentiary hearing in this proceeding, it is apparent that petitioner has, in fact, been mistreated during his confinement in federal custody and that he has suffered unnecessary hardship throughout that period of confinement. It is equally apparent that petitioner is entitled to appropriate relief within the confines of habeas corpus. Thus, in view of the circumstances, there remains for determination the question of what appropriate relief should be granted.

By way of relief in this proceeding, petitioner seeks his immediate release from federal custody in view of the prior unusual and harsh circumstances he has encountered while serving his federal

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509

sentences. Such relief is, however, inappropriate in situations such as{1970 U.S. Dist. LEXIS 3} these where one is confined under an apparently valid federal conviction and sentence. Under the provisions of 18 U.S.C. § 4082, the Attorney General of the United States is given the responsibility to select the place of confinement for a person convicted under federal law. In the absence of exceptional and unusual circumstances, the courts will not undertake to review the decision of the Attorney General in that respect, or with regard to the conditions of a federal prisoner's confinement. However, as {318 F. Supp. 1348} stated by the Eighth Circuit Court of Appeals in Cates v. Ciccone, 422 F.2d 926 at page 927 (8th Cir. 1970):

> "[There] can be exceptional situations where a court will undertake 'to review the nature and conditions of a prisoner's otherwise lawful confinement.'" See also: Harris v. Settle, 322 F.2d 908 (8th Cir. 1963), and Haynes v. Harris, 344 F.2d 463 (8th Cir. 1965).And, in unusual and exceptional circumstances, the Court may treat a petition for writ of habeas corpus as an application for equitable relief. However, in circumstances involving continuing cruel and unusual punishment, although the Court is empowered to fashion appropriate equitable{1970 U.S. Dist. LEXIS 4} relief "as law and justice requires," it is not authorized to grant the petitioner's outright release where he is serving an otherwise valid conviction and sentence. See: Peyton v. Rowe, 391 U.S. 54, 66, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 239, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Cates v. Ciccone, *supra*; Kostal v. Tinsley, 337 F.2d 845 (10th Cir. 1964); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963); Konigsberg v. Ciccone, 285 F. Supp. 585, 589-590 (W.D. Mo. 1968), aff'd 417 F.2d 161 (8th Cir. 1969); Little v. Swenson, 282 F. Supp. 333 (W.D. Mo. 1968); In re Baptista, 206 F. Supp. 288 (W.D. Mo. 1962).

During this proceeding, petitioner stated that if he were not entitled to his immediate release from federal confinement, he preferred to remain at the United States Medical Center for Federal Prisoners until he was entitled to release upon mandatory and conditional release. Thus, since he is not entitled to outright release at the present time, the Court must consider this statement as his consent to be confined at the Medical Center as provided by the provisions of 18 U.S.C. § 4083. As previously stated, this Court is empowered{1970 U.S. Dist. LEXIS 5} to fashion appropriate equitable relief on behalf of petitioner while he remains in confinement at the Medical Center awaiting his release in the near future. And, as evidenced above, the unusual and exceptional circumstances revealed through this proceeding warrant such relief.

Accordingly, for the reasons stated above, it is hereby ordered that the authorities of the United States Medical Center for Federal Prisoners are hereby enjoined from transferring petitioner to another penal institution until such time as petitioner is entitled to his release from federal confinement, that petitioner be immediately released from solitary or isolated confinement at the United States Medical Center for Federal Prisoners, and that petitioner be afforded the same rights and privileges as any other federal prisoner in good standing who does not present unusual security risks.

It is so ordered.

3yhcases                                                2

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

54652509



FEDERAL DETENTION CENTER
NAME: Mahsa Parviz
REG: 54652509  UNIT: DA
P.O. BOX 13900
SEATTLE, WA. 98198-1090

FILED _____ LODGED _____
_____ RECEIVED
FEB 20 2024
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

US District Court
Clerk for the Hon. David W Christel
(for filing in 2:23-cv-01407-JHC-DWC & for
same day consideration LCR7(d)(1))
1717 PACIFIC AVENUE
Tacoma, WA 98402

mailed 2/8/2024

*Same day
motion — LCR7(d)(1)*