TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

------------------------------------------------------------------------------------------

FROM: 54652509
TO: Bucur, Kayrn; Parvis, Shamsi
SUBJECT: email to christelorders@wawd.uscourts.gov
DATE: 02/12/2024 06:18:12 PM

FOR FILING IN CAUSE NO. 2:23-CV-01407-JHC-DWC

------------------------------------------------------------------

DECLARATION OF MAHSA PARVIZ

FILED     LODGED
RECEIVED

FEB 20 2024

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                     DEPUTY

I, MAHSA PARVIZ, declare under penalty of perjury of the laws of the State of Washington and the United States that the following facts are within my personal knowledge, that they are true and correct and that I am willing and able to competently testify as to any matter therein if called upon to do so:

1.    I, MAHSA PARVIZ, filed this 28 U.S.C. Sec. 2241 petition, Parviz v. Barron, 2:23-CV-01407-JHC-DWC, for habeas relief in the United States District Court for the Western District of Washington on September 8, 2023 (Dkt. 1). I emailed the US Habeas Attorney a pre-filing copy of the petition as a courtesy at usawaw.habeas@usdoj.gov on September 4, 2023 at 06:26:28 PM via the CORRLINKS platform for BOP inmate messaging and I received a confirmation on the same fay from this email address.

2.    The Petition (Dkt. 9) was ordered to be answered and served on January 9, 2024 (Dkt. 16) and a return as was not timely filed as ordered therein. On information and belief, Respondents do not intend on opposing the issuance of a writ of habeas corpus as prayed for herein.

3.    My daughter is C█ M███ P█, DOB: █/2017. I am her mother and have full parental rights. There are no other individuals on her birth certificate and I have never consented to any paternity testing for my daughters. C█was illegally taken from my in violation of our substantive due process rights on January 11, 2018 and I am prejudiced by the ongoing incarceration that will result from delaying the issuance of a writ of habeas corpus directing Respondents to reunite my daughter and I, to release me, and to recalculate my release date to account for the 516 days served in the state of Texas, 310 days of FSA credits and the invalidity of all my convictions.

4.    All of my convictions are based on fraud on the Court of the 469th judicial district of Texas in Collin County, committed by Melissa Cason, Alyson Dietrich, Karen Blakely Turner, Piper McCraw and Blake Riad-James Maso on December 3, 2018, which secured the execution of a December 2018 default judgement in sealed cause no. 469-30012-2018 by deception, a felony offense in the State of Texas.

5.    The fraud I complain of is the false jurisdictional finding in the December 2018 default judgment, which is invalid. There is a false statement within the Affidavit of Voluntary Relinquishment of Parental Rights. The Affidavit was executed by my rapist Blake Riad-James Maso, filed and prepared by Karen Blakely Turner, both of whom, in addition to Ms. Dietrich, Ms. Cason and Ms. Turner, conspired to commit the federal kidnapping of my daughter and caused my imprisonment since 2018.

6.    The affidavit states Mr. Maso resides at 4510 Warwick Lane, Frisco, Texas, 75034 in Collin County, Texas, which he does not and which is located in Denton County, Texas. This Court does not have jurisdiction over the parties.

7.    This invalid default judgment formed the basis of my two federal convictions in 2:21-cr-00293-SB for which I was sentenced to 61 months, wherein a sentence reduction is pending. A direct appeal is also pending in CA 22-50160 and I am represented by California attorney Karyn Hilde Bucur in that matter. I have been informed that my attorney will seek bail pending appeal from the appellate court in that matter but that is a bare minimum to which I am entitled and this 2241 action addresses separate issues.

8.    Even assuming that both of the federal convictions for which I was sentenced to serve 61 months in the custody of the Bureau of Prisons are valid, I have served my full sentence even though I am not guilty of the offenses and I have to appeal the convictions in another Court. I filed this action for habeas relief when I was entitled to immediate release five months ago. I have been in federal custody for approximately 5 months in excess of my then-lawful sentence and each day that this action languishes is another day that I am unconstitutionally held.

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------------------------------

EXECUTED on the 12th day of February, 2024 by MAHSA PARVIZ in Seattle, Washington.

_____/s/ Mahsa Parviz
MAHSA PARVIZ

*Emailed from BPARVIZ@COLLIN.EDU on 2/14/24*

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------

FROM: 54652509
TO: Bucur, Kayrn; Parvis, Shamsi
SUBJECT: 2:23-CV-01407-JHC-DWC
DATE: 02/14/2024 09:52:12 AM

FILED           LODGED
          RECEIVED

FEB 20 2024

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                         DEPUTY

Please email this proposed order to CHRISTELORDERS@WAWD.USCOURTS.GOV, USAWAW.HABEAS@USDOJ.GOV, and LYNDSIE.R.SCHMALZ@USDOJ.GOV. I just heard from SeaTac that they need the Order to expressly say that I am to be released from their custody so I need this or a similar Order signed by the Court ASAP (I have an ex parte motion on the record under LCR7(d)(1) for same day consideration seeking this relief so it can be ordered any day now) - for now I'm just giving it to God, amen! Also, please email Ms. Schmalz and ask if she would put in a proposed order for my immediate release, it would be better since my formatting isn't as professional as hers (CorrLinks isn't preferred for legal drafting)

-

-

-

-

-

-

-

-

-

-

-

-

-

-

-

-

-

-

-

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------------------------

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

MAHSA PARVIZ,                                    CASE NO. 2:23-CV-01407-JHC-DWC
        Petitioner,

v.                                                   [PROPOSED] ORDER

H. BARRON and C. PETERS,
        Respondents.
_____|

    Before the Court is Respondents' Motion For A 30 Day Extension Of Time To File A Return (Dkt. 23), Petitioner's Opposition thereto, Petitioner's Ex Parte Motion For An Order Denying Respondents' Motion and declarations in support of Petitioner's release. Having reviewed the relevant record, the Court finds Respondents have failed to show good cause to grant an extension of 30 days in order to file their return as Petitioner is entitled to relief on the merits of her Petition (Dkt. 9) and for immediate release from BOP custody. Respondents are ORDERED to immediately release Petitioner from custody within 24 hours of entry of this Order.
    Unwarranted extensions of time must be avoided as substantial prejudice would result to Petitioner, who has demonstrated that she has completed her lawful sentence, is entitled to immediate release and is being held in excess of her lawful sentence. A Report and Recommendation will follow.

DATED this ____ day of February, 2024.


                                        _____
                                        HON. DAVID W. CHRISTEL,
                                        Chief United States Magistrate Judge

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------------------

DECLARATION OF MAHSA PARVIZ IN SUPPORT OF AN ORDER FOR IMMEDIATE RELEASE

I, MAHSA PARVIZ, declare the following:

1.    I, MAHSA PARVIZ, am the Petitioner for 28 U.S.C. Sec. 2241 writ of habeas corpus in 2:23-CV-01407-JHC-DWC, Parviz v. Barron, filed on September 8, 2023. (Dkt. 1). I am making this declaration based on true and correct facts of my own personal knowledge and if called upon, I am willing and able to competently testify as to the facts herein.

2.    I am requesting that the writ issue immediately and that the BOP be directed to release me immediately as my recalculated sentence must be credited for 512 days under 18 U.S.C. Sec. 3585 and 310 days under the FSA.

3.    This Court issued Respondents HOWARD BARRON and COLETTE PETERS an Order for Service and Return of 28 U.S.C. Sec. 2241 Habeas Petition on January 9, 2024 (Dkt. 16). Respondents have appeared by and through AUSA Lyndsie R. Schmalz and a return receipt for service is on file (Dkt. 19). Respondents concede to receipt of the habeas petition (Dkt. 9) and the parties do not dispute any material fact. It appears on the face of the record and based on email correspondence on February 6, 2024 with AUSA Lyndsie R. Schmalz, correspondence with Warden Howard Barron on February 13, 2024, and in-person conversations at approximately 1:00 PM on February 14, 2024 at the DA unit in FDC SeaTac with Warden Howard Barron as well as FDC SeaTac supervisory attorney George Cho, that Respondents do not oppose the issuance of the writ of habeas corpus as prayed for and are awaiting an Order from this Court expressly directing them to release me and perform a manual sentence computation. Attached hereto is a true and correct copy of correspondence with Respondents.

4.    Respondent will not suffer prejudice if this Court decides this matter on its merits, however, a delay would, for Petitioner, make any attempts at obtaining relief from this Court futile. It is Petitioner, not Respondents, whose life is being disposed of unconstitutionally each day that this case languishes. Moreover, a delay in this matter would prevent Petitioner's immediate release and thereby prevent Petitioner from litigating several related civil cases. Petitioner is at an unfair disadvantage at litigating a sealed case which has ordered her to proceed by pseudonym due to the sensitive nature of matters therein. Two different Judges from related cases in the Western District of Washington have expressly noted that Petitioner's custodial status has interfered with litigation and reaching the merits of her case in a timely manner. Attached hereto is a true and correct copy of Orders from related cases.

5.    Although short stays may be appropriate in habeas cases to await determination in parallel case in same court, courts never authorized, in the interests of judicial economy, indefinite, potentially long stays; Long stays would reduce writ of habeas corpus to sham and threaten to create perception that courts are more concerned with efficient trial management than with vindication of constitutional rights. Hoeun Yong v. INS, 208 F.3d 1116, 2000 Cal. Daily Op. Service 2782, 2000 D.A.R. 3729 (9th Cir. 2000).

6.    The requirement in 28 U.S.C. Sec. 2243 that court act "forthwith" requires application for habeas corpus to be given high priority in Court calendar. Ruby v. United States, 341 F.2d 585, 9 Fed. R. Serv. 2d (Callaghan) 81a.22, 3 (9th Cir. 1965).

7.    Here, Respondents have not identified any potential prejudice to them if a writ of habeas corpus issued. Respondents wholly neglect to acknowledge the facts before the record which prove that I am also clearly entitled to 512 days of credit under 18 U.S.C. 3585, in addition to the FSA credits owed and not yet credited towards my sentence calculation. This prejudice to me, in addition to prejudice resulting by the medical neglect and delays in BOP coordination of my medically necessary surgery, somehow appears to be of little to no concern to Respondent, who has conceded that I have alleged facts sufficient to prove my entitlement to immediate release if a manual sentence calculation were to be Ordered by this Court and performed by Respondents.

8.    As for the direct appeal of the underlying convictions, if my appeal of the conviction on Count II were decided today and vacated, a two year reduction of my sentence would be required and I would have served time in excess of my maximum term of imprisonment and supervised release, however, to delve into the issues of my appeal would only frustrate the Court by convoluting the facts relevant to reaching a ruling on the merits of the issues presented in the Petition (Dkt. 9), which I have repeatedly reminded Respondents of.

9.    However inartful my pleadings, when ordered to meet a deadline, I do my best to file what I can that day, not a month or years later as Respondents see fit. I will still have to seek relief from various different tribunals upon my release from FDC SeaTac. I will have to file a Sec. 2255 petition to vacate Count I. All of my convictions will need to be invalidated one way or another as they are based on fraud on the Texas family Court committed by Blake Maso and attorney Karen Turner in Collin

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------

County District Court Case No. 469-30012-2018, which is sealed and wherein a 2018 default judgment issued based upon falsified facts to support a finding of jurisdiction. For the foregoing reasons and additional reasons supported by attachments herein, I pray that the writ issue and that my habeas relief be granted.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED on this 14th day of February 2024, at Seattle, Washington.

MAHSA PARVIZ

# EXHIBIT A

## CORRESPONDENCE WITH RESPONDENTS

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---------------------------------------------------------------------------------------------------------------

FROM: Warden
TO: 54652509
SUBJECT: RE:***Inmate to Staff Message***
DATE: 02/13/2024 07:42:01 PM

This is in response to your Inmate Request to Staff regarding the status of a petition you filed.

Your concern is noted.   You mentioned you received notification that the petition was received.  Please be patient with the review process.  Thank you.

From: ~^I PARVIZ, ~^IMAHSA <54652509@inmatemessage.com>
Sent: Sunday, February 11, 2024 8:10 PM
Subject: ***Request to Staff*** PARVIZ, MAHSA, Reg# 54652509, SET-D-A

To: WARDEN
Inmate Work Assignment: 2:23-CV-01407-JHC-DWC

I am writing to confirm my sentence calculation. BOP was Ordered to Answer my habeas action on January 9, 2024 in Case No. 2:23-CV-01407-JHC-DWC, Western Dist. Washington. The petition was initially filed on September 4, 2023 and your counsel confirmed receipt via email of record for all filings and admit to service of petition. Please adjust my sentence immediately, as the BOP did not oppose the following:

(1)     516 days credit for Texas state offense attempted kidnapping from August 9, 2019 to January 5, 2021 - MUST BE CREDITED UNDER 18 USC SEC 3585 (Dkt. 8, 9)

(2)     310 days FSA credit for 31 months in federal custody since July 12, 2021 and ongoing.

I need to be released immediately or I will be seeking sanctions and taking separate action as your delay are deliberate and done to prolong my access to family court litigation. I discovered fraud on the Court in a Texas default judgment from 2018 - all my convictinos are invalid because of it and my daughter was illegally kidnapped from me, not BY me. My entire sentence has been served when accounting for the credits above and BOP keeps dragging their feet when it comes to doing simple math or scheduling surgery for me. My medically necessary breast surgery has been delayed all summer and still hasn't been scheduled or performed because your facility is waiting for a Court order directing you to release me, despite knowing you already should've done so a long time ago. I am in so much pain I can barely finish typing. I am severely prejudiced by the BOPs blatant disregard for my constitutional rights to be free of cruel and unusual ouishment under the 8th Amendment and the substantive due process. Please recalculate as stated in this message and release me from your custody now.

Respectfully submitted,

/s/ Mahsa Parviz

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

-----------------------------------------------------------------------------------------------

FROM: 54652509
TO: Bucur, Kayrn; Parvis, Shamsi
SUBJECT: send to LYNDSIE.R.SCHMALZ@USDOJ.GOV from bparviz
DATE: 02/14/2024 05:51:16 PM


In re: Order for Immediate Release in 2:23-cv-01407-JHC-DWC

_____

Dear Ms. Schmalz,

I had the pleasure of speaking to FDC SeaTac's supervising attorney, George Cho, and Warden Barron in person today at about 1:00 PM in the DA unit at FDC SeaTac. I also corresponded with Warden Barron electronically on 2/11/24 regarding possible sanctions and additional action if my release from custody and specific performance of a manual sentence calculation to credit 512 days in custody from 08/09/2019-01/05/2021 and 310 days of FSA time credits is delayed; he responded yesterday evening and asked me to "please be patient" with their review process. Today, Mr. Barron and Mr. Cho indicated that they would not oppose entry of an Order by the Court directing them to manually calculate my sentence as I've asked for and for my immediate release. I can forward the electronic correspondence with Mr. Barron if you like.

Would you please file the proposed Order for my Immediate Release? You have my permission to file a joint submission to that effect... my custodial status prevents me from submitting filings formatted as professionally as your work and if this is done immediately, I'll agree to not seek sanctions in the habeas action.

As a courtesy, I'd like to update you that I have been assisting Ms. Audrey Jean Wolford in her motion for sentence reduction filed in the district court in Guam (she is now represented by Leilani Lujan and all parties have agreed that she qualifies for the 2 point reduction- so far, Ms. Lujan calculated 93 months and today, the probation office calculated 108 months). I have also assisted Ms. Wolford in her habeas action for FSA credit in which you have appeared as counsel on behalf of Mr. Barron. I noticed you managed to prepare an excellent declaration for Mr. Cho by 02/02/24 and also filed a thorough reply on 02/08/24, as ordered on 01/08/24 (Dkt. 6 in Cause No. 2:23-CV-01689-MJP-MLP), but on 02/07/24, you asked for a 30 day extension to file a reply in my case despite entry of an order for answer and service on 01/09/24 (Dkt. 16 in my case). I've been in custody for 5 months in excess of what I should've served under the current judgment. I am entitled to immediate release and should be given priority over Ms. Wolford's habeas action. I'd rather not seek sanctions by the Court and would like to speak with you or communicate via email if this is easier for you. Two different Judges, Judge Lasnik and Judge Lin, have noted that my custodial status has delayed litigation in related cases before their Courts. I have been ordered to proceed by pseudonym in a related case pending before Judge Lin and my custodial status prevents me from litigating this sealed case accordingly.

I look forward to hearing from you and hope to resolve matters quickly.

Sincerely,
Mahsa Parviz

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

*Emailed from bparviz@collin.edu on 2/6/24 - Confirmation of receipt via email received from lyndsie.r.schmalz@usdoj.gov on 2/6/24*

------------------------------------------------------------------------

FROM: 54652509
TO: Parvis, Shamsi
SUBJECT: 2:23-cv-01407-JHC-DWC
DATE: 02/06/2024 06:36:19 PM

In re: 2:23-cv-01407-JHC-DWC; Parviz v. Barron, et al.

------------------------------------------------------------

February 6, 2024

Dear Ms. Schmalz,

I am writing regarding the above-numbered cause and was recently informed you have filed a Notice of Appearance on behalf of Mr. Barron. I just wanted to know your position and if you plan on opposing the habeas. Ms. Corey Endo at the Federal Public Defender's Office has been assisting me throughout the habeas and can share information with you. She is not formally appointed so you are able to communicate with me directly.

Would you be willing to file a Letter of Non-Opposition to help expedite the habeas or are there any questions you have for me? I've served in excess of my lawful sentence already if the BOP gives me credit for my state offenses in TX (attempted kidnapping and tampering: 516 and 550 days, respectively, all served after the offense conduct of the federal action) and if my 10 days of FSA credits would be applied on the 31 months I have served and continue to serve in the BOP.

I have copies of a majority of my BP 8, 9, 10 and 11 or have at least logged the dates they were placed in the mailbox. It's not very often that I receive an acknowledgement of their receipt or an answer.

Respectfully,
Mahsa Parviz

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: SET-D-A

--------------------------------------------------------------------------------------------------

FROM: Warden
TO: 54652509
SUBJECT: RE:***Inmate to Staff Message***
DATE: 02/09/2024 10:42:02 AM

This is in response to your Administrative Remedy for a legal call.

This something you need to follow up with your Unit Team.

From: ~^! PARVIZ, ~^!MAHSA <54652509@inmatemessage.com>
Sent: Thursday, February 8, 2024 8:11 PM
Subject: ***Request to Staff*** PARVIZ, MAHSA, Reg# 54652509, SET-D-A

To: warden
Inmate Work Assignment: n/a

May I please get access to PACER? I also need to schedule a conference call or get approval to correspond via Corrlinks to ,
with your Counsel, Lyndsie Rebecca Schmalz, in order to discuss the habeas petition and possibly reach a joint solution for
proposal to the Court. I have served 5 months in excess of my lawful sentence when my 516 days of credit are added under 18
USC section 3585 and the 310 days of credit are added under the FSA. The record is fully developed with evidence in support
thereof.

Please consider the exigent circumstances and the substantial prejudice that would result from delaying resolution of my
habeas petition, Case No. 2:23-cv-01407-jhc-dwc. This time will never be returned to me and there is no adequate remedy
available to address the ongoing loss of my life and I am entitled to immediate release.

Thank you,
Mahsa

# EXHIBIT B

ORDERS FROM RELATED CASES  *FILE UNDER SEAL*