# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MAHSA PARVIZ,

Petitioner,

v.

H. BARRON and C. PETERS,

Respondents.

CASE NO. 2:23-CV-1407-JHC-DWC

ORDER GRANTING EXTENSION AND DENYING MISCELLANEOUS MOTIONS

This matter comes before the Court on Respondents' Motion for an Extension of Time to File an Answer (Dkt. 23) and Petitioner's Motion for Entry of Order Granting § 2241 Petition (Dkt. 24), Motion to Appoint Counsel (Dkt. 27), Motion for Order Denying and Opposition to Motion for Extension of Time (Dkt. 28), Motion for Default Judgment (Dkt. 32), and Motion for Contempt and Judgment (Dkt. 33). After consideration of the relevant record, Respondents' Motion for an Extension (Dkt. 23) is granted. Respondent shall have up to and including March 11, 2024 to file an answer to the Petition. Petitioner's Motion for Order Denying and Opposition to Motion for Extension (Dkt. 28), Motion for Counsel and Request for Expedited Ruling (Dkt.

27), and Motions requesting default judgment and a finding of contempt (Dkts. 32, 33) are denied.

## I. Extension of Time

Respondents' counsel requests an extension of time to answer the Petition because counsel must coordinate with the U.S. Attorney's Office in the Central District of California to properly respond. Dkt. 23. Petitioner opposes any extension of time. *See* Dkts. 26, 28.

This is Respondents' first request for an extension to file the answer and Respondents' need additional time to properly respond to the Petition. Therefore, Respondents' Motion for an Extension (Dkt. 23) is granted and Petitioner's Motion for Order Denying and Opposition to Motion for Extension (Dkt. 28) is denied. Respondent shall have up to and including March 11, 2024, to file an answer to the Petition.

## II. Motion for Counsel and Request for Expedited Ruling

Petitioner filed a Motion for Counsel and Request for Expedited Ruling on February 15, 2024. Dkt. 27. This Motion was not signed by Petitioner. As it was not signed, Motion for Counsel and Request for Expedited Ruling (Dkt. 27) is denied without prejudice.

## III. Request for Default Judgment

Petitioner requests default judgment be entered against Respondents. *See* Dkts. 32, 33. Petitioner also asks that the Court find Respondents and their counsel in contempt. Dkt. 33. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, the Court has granted Respondents an extension of time to answer. Respondents' answer is due on or before March 11, 2024. As the time for filing an answer has been extended and, therefore, has not expired, Respondents are not in default. *See*

1 | *Pamer v. Schwarzenegger*, 2009 WL 2824748, *1 (E.D. Cal. Sept. 1, 2009) (finding the defendant was not in default when the time to file a responsive pleading had not expired). Furthermore, even if Respondents fail to file a timely answer, "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). As the time for filing an answer has not run and as the failure to respond to habeas claims does not entitle Petitioner to default judgment, Petitioner's requests for default judgment and a finding of contempt (Dkts. 32, 33) are denied.

**IV.    Conclusion**

After consideration of the relevant record, Respondents' Motion for an Extension (Dkt. 23) is granted. Respondent shall have up to and including March 11, 2024 to file an answer to the Petition. Petitioner's Motion for Order Denying and Opposition to Motion for Extension (Dkt. 28), Motion for Counsel and Request for Expedited Ruling (Dkt. 27), and Motions requesting default judgment and a finding of contempt (Dkts. 32, 33) are denied.

Dated this 23rd day of February, 2024.

David W. Christel
Chief United States Magistrate Judge