TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

MAHSA PARVIZ
2425 SOUTH 200TH STREET
SEATTLE, WA 98198
Tel.: (972) 375-1202
bparviz@collin.edu

FILED
LODGED
RECEIVED     MAIL

FEB 29 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MAHSA PARVIZ,
    Petitioner,

v.

HOWARD BARRON,
    Federal Detention Center SeaTac Warden,

COLETTE PETERS,
    Bureau of Prisons Director,
    Respondents.

Case No. 2:23-cv-01407-JHC-DWC

AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241, REQUEST FOR EXPEDITED CONSIDERATION, MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Mahsa Parviz, Petitioner, and files this AMENDED PETITION FOR WRIT OF HABEAS CORPURS UNDER 28 U.S.C. SECTION 2241, REQUEST FOR EXPEDITED CONSIDERATION, MOTION FOR APPOINTMENT OF COUNSEL.

I.    PARTIES

1.1   Petitioner MAHSA PARVIZ is in the custody of the Bureau of Prisons, at the Federal Detention Center SeaTac in Seattle, Washington.

1.2   Respondent HOWARD BARRON is the Warden of Federal Detention Center SeaTac, located within the Western District of Washington and the jurisdiction of this Court, and is named in his official capacity.

1.3   Respondent, through the Bureau of Prisons, an agency of the United States Department of Justice, is responsible for Petitioner's custody and administration of their term of incarceration, including the application of time credits.

II.   JURISDICTION

2.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 2241, because Petitioner presents a claim of actual innocence for which she has not had an unobstructed procedural shot at presenting, and Petitioner's term in custody is being executed in a manner that exceeds the lawful sentence and violates the Constitution and laws of the United States.

2.2   This Court also has jurisdiction over this action pursuant to the constitutional writ of habeas corpus and the Court's ancillary jurisdiction over management of its proceedings, vindication of its authority, and effectuation of its decrees. See, e.g. Boumediene v. Bush, 553 U.S. 723, 729 (2008).

2.3   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec 1331 and 28 U.S.C. Sec. 1404 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

2.4   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1343(a)(4) because she seeks to redress the deprivation of their rights guaranteed by both the Constitution and federal statutes.

III.  STATEMENT OF FACTS

3.1   On December 16, 2023, Petitioner was found guilty by a jury of one count of making a false statement on a passport application in violation of 18 U.S.C. Sec. 1542 and one count of aggravated identity theft in violation of 18 U.S.C. Sec. 1028(a)(1).

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

3.2   The indictment provides an offense date of June 11, 2019 for both counts.

3.3   On July 12, 2022, Petitioner was sentenced in the Central District of California under Cause No. 2:21-cr-00293-SB (DMGx) to "a total term of 61 months: 31 months as to Count One, and 24 months as to Count Two, to be served consecutively." See Judgment at Dkt. # 121 in Cause No. 2:21-cr-00293-SB (DMGx).

3.4   Petitioner is serving her sentence at the SeaTac Federal Detention Center with a projected release date, as calculated by the BOP, of December 7, 2025.

3.5   Petitioner is eligible to receive Earned Time Credits (ETCs) and other time credits.

3.6   On the offense date for both Federal offenses, Petitioner was serving an undischarged sentence for attempted kidnapping in the state of Texas. The Court properly determined at sentencing that the Texas state attempted kidnapping offense of August 9, 2019 is relevant conduct, however, Petitioner did not receive credit towards her sentence. Pursuant to 18 U.S.C. Sec. 3585, the BOP is vested with the sole authority to credit Petitioner for time served and application of the credit is mandatory.

3.7   Ms. Parviz, who was incarcerated from August 9, 2019 to January 5, 2021, and from July 12, 2021 to the present date for engaging in the relevant offense conduct, has only been credited for exactly one year of time served prior to sentencing on July 12, 2022.

3.8   If the BOP applied the ETCs and other time credits that Petitioner has earned, Petitioner would be entitled to immediate release and would have served approximately 5 months in excess of that authorized under the aforementioned Judgment of July 12, 2022. To date, the BOP has applied 0 of 310 days of ETCs and 0 of 516 days of other time credits to Petitioner.

3.9   The Bureau of Prisons has taken the position that Petitioner is not eligible for ETCs and has failed to offer any explanation why. Petitioner submitted administrative remedy form BP-11 to the Bureau of Prisons Office of General Counsel on July 3, 2023 requesting her time credits and did not receive a response, although a response should have been received within 30 days. Thereafter, Petitioner filed the instant habeas action on September 8, 2023 (See Petition at Dkt. # 1). Petitioner has exhausted her administrative remedies but continues good faith attempts at informal resolution of her claims for ETCs under the FSA, other time credits under 18 U.S.C. Sec. 3585, her claim of actual innocence and additional claims supported by the record. Petitioner intends on further supporting the record upon access to sensitive state case files which she cannot obtain to due to her unlawful custodial status.

IV.   STATUTORY BACKGROUND

4.1   The First Step Act ("FSA") provides that inmates "shall" earn ETCs for successful programming. 18 U.S.C. Sec. 3632(d)(4)(A).

4.2   The FSA provides that the credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. Sec. 3632(d)(4)(C). That same subsection mandates that "the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."

4.3   Individuals are not eligible to apply credits "if the prisoner is serving a sentence or conviction" under specified "provisions of law." 18 U.S.C. Sec. 3632(d)(4)(D).

4.4   Petitioner's federal offenses do not disqualify her from applying ETCs.

4.5   The BOP must apply earned time credits to eligible people who have earned them and "cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. Sec. 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAR, 2022 WL 18046701, at *4 (W.F. Wash. Dec. 27, 2022), report and recommendation adopted, No. C22-1509-RSL-BAT, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

4.6   18 U.S.C. Sec. 3585 provides that the BOP "shall" credit inmates, like Petitioner, for time served in custody after the federal offense date if the time served has not been credited against another sentence.

V.   STATEMENT OF RELATED CASES

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

5.1  To wit, Cause No. 2:23-cv-00755-RSL and 2:23-cv-01620-TL *SEALED* in the Western District of Washington are the only related cases.

### VI. NO WAIVER

6.1  Petitioner provides notice of intent to supplement or amend the instant petition when counsel is appointed. Petitioner does not waive any rights, claims or defenses and provides notice that she expressly reserves any such rights, claims or defenses.

### VII. REQUEST FOR EXPEDITED CONSIDERATION

7.1  Petitioner requests expedited consideration of her claims under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

### VIII. MOTION FOR APPOINTMENT OF COUNSEL

8.1  Petitioner moves this honorable Court for appointment of counsel to represent Petitioner in these proceedings pursuant to 18 U.S.C.Sec. 3006A(a)(2)(B).

8.2  Petitioner has only recently been alerted to fraud on the court in the foregoing related civil cases and intends on contesting the validity of the underlying state cases upon which the Federal convictions are based and the validity of the Federal convictions. Petitioner custodial status prevents properly filing relevant records in this case and litigating under pseudonym, as was ordered by the Hon. Tan Lin. Accordingly, Petitioner requires counsel to advance her claims and motion this Court for release on her own recognizance pending determination on the merits of her claims.

8.3  Given the complex issued involved in this case, the interests of justice require that counsel be appointed for Petitioner. Petitioner has demonstrated financial eligibility, as statutorily required, and is eligible for such appointment.

8.4  Ms. Corey Endo with the Federal Public Defender's office at Seattle has been assisting Petitioner on a pro bono basis. Petitioner respectfully requests that Ms. Corey Endo be formally appointed to represent her as Counsel of record in this action.

### IV. REQUESTED RELIEF

9.1  WHEREFORE, PREMISES CONSIDERED, Petitioner requests that this Court:

1. Consider this petition on an expedited basis;
2. Appoint counsel;
3. Grant the writ of habeas corpus;
4. Release Petitioner on her own recognizance pending a determination on the merits of her claims;
5. Require that the Bureau of Prisons apply Petitioner's time credits, facilitate family visits; and
6. Grant such other and further relief, pursuant to 28 U.S.C. Sec. 2243, as law and justice require.

### V. VERIFICATION

10.1  I, MAHSA PARVIZ, am the Petitioner for 28 U.S.C. Sec. 2241 writ of habeas corpus in 2:23-cv-01407-JHC-DWC, Parviz v. Barron, filed on September 8, 2023. I declare under penalty of perjury that the foregoing is based on true and correct facts of my own personal knowledge and if called upon, I am willing and able to competently testify as to the facts herein.

EXECUTED on this 25th day of February 2024, at Seattle, Washington.

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

DATED this 25th day of February 2024.                                     Respectfully submitted,

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: SET-D-A

---

_____/s/ Mahsa Parviz_____
MAHSA PARVIZ

DETENTION CENTER
Mahsa Parviz
652509    UNIT: DA
13900
, WA. 98198-1090

27 FEB 2024   PM 7  L

FILED
LODGED
RECEIVED

MAIL

FEB 29 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

US District Court
Attn: Clerk (file in 2:23-cv-01407-JHC-DWC)
700 Stewart St.
Seattle, WA 98101