UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAHSA PARVIZ,<br><br>                               Petitioner,<br><br>      v.<br><br>HOWARD BARRON (Warden, Federal Detention Center SeaTac), COLETTE PETERS (Director, Bureau of Prisons),<br><br>                           Respondents. | No. C23-1407-JHC-DWC<br><br>**GOVERNMENT'S RESPONSE TO HABEAS CORPUS PETITION UNDER 28 U.S.C. § 2241**<br><br>Note On Calendar:  March 29, 2024 |

## I.   INTRODUCTION

Petitioner Mahsa Parviz is a federal prisoner confined at the Federal Detention Center (FDC) in SeaTac, Washington, with an anticipated release date of January 3, 2026.[1] Parviz is serving a 61-month term of imprisonment imposed in the Central District of California for *False Statement in a Passport Application*, in violation of Title 18, United States Code, Section 1542, and *Aggravated Identity Theft*, in violation of Title 18, United States Code, Section 1028A(a)(1).  *United States v. Parviz*, No. 2:21-cr-00293-SB (C.D. Cal. filed June 22, 2021), Dkt. 124.  Parviz has filed a *pro se* habeas petition under 28 U.S.C. § 2241 asserting that the Bureau of Prisons (BOP) (1) must credit her federal sentence with time that she spent in custody on an earlier conviction in the State of Texas,

---

[1] *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Mar. 5, 2024).

Response to Section 2241 Petition — 1
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and (2) has incorrectly determined that she is ineligible to earn First Step Act earned time credits (FSA credits). Dkt. 9 ¶¶ 3.5–3.9. Additionally, Parviz has filed an amended petition in which she asserts that she is actually innocent of her "underlying state cases," which invalidates her federal conviction. Dkt. 39 ¶¶ 2.1, 8.1.

The Court should dismiss or deny Parviz's petition without an evidentiary hearing. Parviz's first claim, that she must receive credit for time served on an earlier Texas conviction, is factually wrong; her state sentence was not undischarged but, rather, fully satisfied at the time she was charged federally. Moreover, to the extent that Parviz is requesting a modification or reduction to her federal sentence based on her Texas conviction, that request must be made in a motion under 28 U.S.C. § 2255 with the sentencing court in the Central District of California. Parviz's second claim, that she has been incorrectly categorized as ineligible to earn FSA credits, is also premised on a factual inaccuracy. The BOP has categorized Parvis as eligible to earn FSA credits and, in fact, she has earned 100 credits to date. At this point, however, she is not statutorily entitled to have her credits applied to her sentence. Regardless of the merits of this claim, however, the Court should decline to adjudicate it, because Parviz cannot demonstrate a present concrete injury and has failed to exhaust her administrative remedies. Finally, Parviz's claim of actual innocence is unsupported by the record and can only be pursued in a § 2255 motion with the sentencing court.

## II.     BACKGROUND

Proceeding *pro se*, Parviz has filed a petition for writ of habeas corpus alleging that the BOP has (1) failed to credit her for time served on "an undischarged sentence for attempted kidnapping in the state of Texas," which she is purportedly entitled to receive pursuant to U.S.S.G. § 5G1.3; and (2) impermissibly categorized her as ineligible to earn FSA credits. Dkt. 9 ¶¶ 3.6–3.9. The petition requests that the Court require the BOP to give her credit for time served on the Texas conviction and apply her FSA credits to her

Response to Section 2241 Petition — 2
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentence.[2]  *Id.* at p. 3.  On January 9, 2024, the Court issued an Order for Service and Return, directing respondents file an answer to the petition.  Dkt. 16 ¶ 2.  On February 29, 2024, Parviz filed an amended petition that adds a claim of actual innocence, alleging that she has been recently "alerted to fraud on the court" that would invalidate "the underlying state cases upon which the Federal convictions are based and the validity of the Federal convictions."  *See* Dkt. 39 ¶¶ 2.1, 8.1.

Throughout the pendency of her petition, Parviz has filed numerous additional motions and requests, including requests for the issuance of subpoenas that appear to be directed at individuals associated with prior state and family court proceedings, Dkts. 3, 4, 10; a motion to appoint counsel, Dkt. 27; a motion for entry of an order granting her petition and ordering her immediate release, Dkt. 24; a motion for an order denying respondents' request for additional time to answer the petition, Dkt. 28; motions for default judgment, Dkts. 32, 36; a motion for contempt and default judgment, Dkt. 33; and a notice of appeal to the Ninth Circuit, Dkt. 38.[3]  The Court has denied these requests.  Dkts. 34, 40.

## A.    Parviz's Underlying Federal Conviction

Parviz's federal conviction arises from a 2019 scheme in which she used a romantic partner's name and medical license number to fraudulently obtain a passport for her biological child, who was in the care of a foster family after Parviz's parental rights were terminated.  *Parviz*, No. 2:21-cr-00293-SB, Dkt. 111, p. 6.  Parviz planned to kidnap and take the child overseas to a non-extradition country, but she was intercepted by Texas

---

[2] The petition does not explicitly include a request for credit for time served on the Texas conviction but, because Parviz is proceeding *pro se*, the government has taken pains to construe her claims liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (concluding that documents filed by a *pro se* litigant "must be held to less stringent standards than formal pleadings drafted by lawyers").  If the Court reads the petition to contain a claim the government has not addressed, the government asks that it be permitted to respond to any such claim.

[3] Throughout her filings, Parviz has misrepresented (at times, swearing under penalty of perjury) that the respondents, legal counsel for the FDC, and undersigned counsel do not oppose her requests for relief.  *See* Dkt. 12, p. 2; Dkt. 15, p. 2, Dkt. 29, p. 5, 9.  No one has represented to Parviz that her request for release would be unopposed.  Undersigned counsel has searched her records and never received the emails Parviz claims were sent to undersigned counsel's email address.  *See* Dkt. 28, p. 5; Dkt. 29, p. 9, 10.

Response to Section 2241 Petition — 3
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

authorities in August 2019 while posing as a social services provider and trying to lure the child's foster mother into a one-on-one meeting. *Id.* at p. 8. Parviz was arrested and charged in Texas state court with attempted kidnapping. *Id.* at p. 4. Almost two years later, on January 5, 2021, Parviz pled guilty to attempted kidnapping and was sentenced to 500 days of imprisonment. Dkt. 8, p. 7. Soon after her guilty plea and several months before she was indicted and arrested on the federal charges at issue in this petition, Parviz was released from state custody, having fully satisfied the Texas sentence. *See United States v. Parviz*, No. 22-50160 (9th Cir. filed July 21, 2022) (*Parviz Appeal*), at Dkt. 43, p. 6–11; *id.* at Dkt. 51, p. 5.

On June 22, 2021, Parviz was federally indicted in the Central District of California for *False Statement in a Passport Application*, in violation of Title 18, United States Code, Section 1542, and *Aggravated Identity Theft*, in violation of Title 18, United States Code, Section 1028A(a)(1). *Parviz*, No. 2:21-cr-00293-SB, Dkt. 1. The basis of these charges was Parviz's unauthorized use of a romantic partner's name and medical license number to fraudulently obtain a passport. *Id.* at Dkt. 111, p. 7. Parviz was arrested on the federal charges on July 12, 2021 and detained pending trial. *Id.* at Dkts. 9, 18. Parviz proceeded to a jury trial in December 2021 and was convicted on both counts. *Id.* at Dkt. 69.

At Parviz's sentencing, all parties agreed that Parviz's Texas sentence was fully discharged and that she was not entitled to receive federal credit for that conviction pursuant to U.S.S.G. § 5G1.3(b). *See Parviz*, No. 2:21-cr-00293-SB, Dkt. 111, p. 7–11 (government sentencing memorandum); Dkt. 113, p. 4–5 (defense sentencing memorandum). In fact, Parviz's counsel filed a sentencing memorandum recommending a downward departure from the sentencing guidelines pursuant to U.S.S.G. § 5K2.23, *id.* at Dkt. 113, p. 4–5, which applies only when a defendant "(1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for

Response to Section 2241 Petition — 4
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the instant offense," U.S.S.G. § 5K2.23.  At the July 12, 2022 sentencing hearing, Parviz requested that the sentencing judge grant her a downward departure pursuant to U.S.S.G. § 5K2.23 and reduce her sentence by the amount of time she served in Texas.  *See Parviz Appeal*, No. 22-50160, at Dkt. 43, p. 8; *id.* at Dkt. 51, p. 12–17.  The sentencing judge rejected Parviz's request, *see id.*, and sentenced her to 37 months for the false statement offense and 24 months for the identify theft offense, to be served consecutively, for a total of 61 months of imprisonment.  *Parviz*, No. 2:21-cr-00293-SB, Dkt. 121.

Shortly after sentencing, Parviz filed a notice of appeal with the Ninth Circuit. *Parviz*, No. 2:21-cr-00293-SB, Dkt. 127.  Again, in the appeal, all parties agreed that Parviz's Texas sentence was fully discharged at the time that she was charged federally. *See Parviz Appeal*, Dkt. 43, p. 6; *id.* at Dkt. 51, p. 3.  Parviz's appeal does challenge the district court's failure to credit her for the Texas conviction, on the grounds that she should have received a "downward departure pursuant to U.S.S.G. § 5K2.23 for credit for time served on [the] discharged Texas state sentence."  *Id.* at Dkt. 43, p. 3, 6.  Briefing in Parviz's appeal is complete, and the case is set for oral argument before the Ninth Circuit on May 17, 2024.

**B.      Parviz's First Step Act Credits**

   ***1.      Time Credits Under the First Step Act***

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, directed the Attorney General to make evidence-based recidivism reduction programs available to inmates in BOP custody as part of a new system for risk and needs assessment.  The new system provides certain "incentives and awards for prisoners to participate in and complete the evidence-based recidivism-reduction programs," 18 U.S.C. 3632(d), including "time credits" for prisoners who "successfully complete[]" the programs to which they are assigned, *id.* § 3632(d)(4)(A).  The time credits that a prisoner earns may be applied

Response to Section 2241 Petition — 5
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

towards an early transfer to prerelease custody, such as home confinement, or early release to supervision.  *Id.* § 3632(d)(4)(C).

The First Step Act provides that a prisoner earns FSA credits for "successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A).  The BOP's regulations, issued to implement the First Step Act, provide that a prisoner is eligible to earn FSA credits when she is "successfully participating" in evidence-based recidivism reduction programs or productive activities "that the Bureau has recommended based on the inmate's individualized risk and needs assessment."  28 C.F.R. § 523.41(c)(1)–(2).

The First Step Act further provides that FSA credits can be applied toward prerelease custody or early supervised release only when (1) accumulated credits are equal to the remainder of the prisoner's prisoner term; (2) the prisoner has demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk; (3) the remainder of the imposed term of imprisonment has been computed; and (4) the prisoner has been determined to be a minimum or low risk to recidivate based on the last needs and risk assessment for supervised release, or the last two needs and risk assessments for transfer to prerelease custody.  18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b)–(d).

### 2.    *Parviz's FSA Credits*

Parviz is currently categorized as eligible to earn FSA time credits and, as of February 3, 2024, had earned 100 credits toward early supervised release.  *See* Declaration of Benjamin Brieschke (Brieschke Declaration) ¶ 3; Exhibit 1 (FSA Time Credit Assessment).  Parviz has been administered several needs and risk assessments at the FDC, and she has been determined to be a high risk to recidivate in all but the most recent, when she was assessed as a medium risk to recidivate.  *Id.* ¶ 4; Ex. 1.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## C.  Parviz's Failure to Use BOP Grievance Procedures

BOP has an established an Administrative Remedy Process for inmates wanting to challenge "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). This includes challenges to BOP's computation of an inmate's sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Subject to limited exceptions not applicable here, *see* 28 C.F.R § 542.14(d), an inmate must first seek informal resolution of the issue through the institution's staff. *Id.* § 542.13. If dissatisfied with the informal response, the inmate must then formally complain to the institution's warden. *Id.* § 542.14(a)-(c). If the warden denies the inmate a remedy, the inmate may appeal the denial of relief to the Regional Director of the region in which he is confined. *Id.* § 542.15(a). Finally, if the Regional Director denies relief, the inmate may appeal to BOP's General Counsel in Washington, D.C. *Id.* Exhaustion of administrative remedies does not occur until the inmate has requested and been denied relief at all levels of BOP. *See id.*

BOP maintains records of requests for administrative remedies that it receives. Brieschke Declaration ¶¶ 5–7; Exhibit 2 (Administrative Remedy Record). At the time that Parviz filed her petition in September 2023, the BOP had no record of Parviz submitting any administrative remedy requests regarding the computation of her sentence or FSA credits, despite Parviz's assertion that she submitted a BP-11 to the Office of General Counsel. *Id.*; *see also* Dkt. 1 ¶ 3.9. The only administrative remedy requests recorded for Parviz prior to February 2024 relate to disciplinary hearings of which Parviz was the subject. Brieschke Declaration ¶ 7; Ex. 2, p. 2–4. On February 15, 2024, Parviz filed a request for 550 days of "jail time credit" directly at the regional level. *Id.* The remedy was rejected because it was not first filed at the institutional level, as required by BOP regulations. *Id.* As of February 29, 2024, Parviz has not filed any administrative remedy request regarding credit for her state sentence at the institutional level, nor has she filed any remedy requests relating to FSA credits. *Id.*

Response to Section 2241 Petition — 7
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III.  ARGUMENT

**A.  Parviz's claim for credit for an undischarged state sentence is premised on a falsehood and fails to state a claim for relief under 28 U.S.C. § 2241.**

Parviz claims that she is entitled to 500 days of credit toward her federal sentence pursuant to U.S.S.G. § 5G1.3 because she "was serving an undischarged sentence for attempted kidnapping in the state of Texas" on the "offense date" of her federal offenses. Dkt. 9, p. 2.  During Parviz's sentencing in the Central District of California, however, no party argued that her Texas sentence was undischarged at the time of her arrest or that U.S.S.G. § 5G1.3 should apply to reduce her sentence.  Moreover, the sentencing court explicitly declined to give Parviz credit for the Texas sentence, either as a downward adjustment for an undischarged sentence under § 5G1.3 or a downward departure for a discharged sentence under § 5K2.23.

Parviz's claim is not a challenge to the manner in which her sentence is being executed and calculated by the BOP; the BOP has calculated her sentence exactly as it appears in the judgment.  *Parviz*, No. 2:21-cr-00293-SB, at Dkt. 121.  Rather, Parviz is challenging the sentencing court's decision not to credit her for her Texas conviction, which is a challenge to the legality of her sentence and properly raised only in a motion under § 2255 filed with the sentencing court.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995) ("Credit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b), . . . [but] the applicability of a Guidelines provision is a question

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the sentencing court."). Parviz has thereby failed to state a valid claim under 28 U.S.C. § 2241, and this claim should be dismissed.[4]

It is unlikely that Parviz can pursue her claim regarding credit for the Texas conviction in any district court while the issue is before the Ninth Circuit. The Ninth Circuit has held that "[a] district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court," in large part because "disposition of the appeal may render [the habeas corpus writ] unnecessary." *Feldman v. Henman*, 815 F.2d 1318, 1320–21 (9th Cir. 1987) (internal quotation marks omitted) (quoting *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959)). Parviz has appealed the sentencing court's decision not to reduce her sentence to account for her Texas conviction, and disposition of that appeal will certainly render this claim moot. Accordingly, even if this Court could entertain Parviz's claim in a § 2241 petition (it cannot), it should decline to entertain the claim – or decline to consider transferring the claim to the Central District of California (where a §2255 motion would be properly venued) – until after the Ninth Circuit has ruled on Parviz's appeal of her conviction and sentence.

**B.      Parviz's claim for FSA credits is not ripe for review, has not been adequately exhausted with the BOP, and is without merit.**

*1.      The remaining claim is not ripe and should be dismissed as non-justiciable.*

Federal courts are limited to deciding "cases" and "controversies." U.S. Const. art. III, § 2. One component of the "case or controversy" requirement is that a claim must be ripe for review. *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). "[R]ipeness addresses when litigation may occur[,]" *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997), and, in many cases, ripeness "coincides squarely" with the requirement that a plaintiff show she suffered an "injury in fact" that is concrete and particularized.

---

[4] As noted, Parviz raised this issue through an administrative remedy request filed directly at the regional level, which was denied for failure to begin the request at the institutional level in accordance with BOP regulations. But since the BOP is not empowered to adjudicate a claim challenging the legality of a district court's sentence, it would be futile to require Parviz to exhaust this claim through BOP's administrative grievance procedures.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  A claim is therefore not ripe for adjudication "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985) (internal quotation marks omitted)). The ripeness doctrine is "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Nat'l Park Hosp. Ass'n v. Dept' of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbot Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967) (internal quotation marks omitted)).

Parviz does not have an immediate concrete injury that would be redressed by her request that her FSA credits be immediately applied, because any ruling by the Court will have no impact on her current custody status or her earliest possible release from BOP custody.  See *Ford v. Chapman*, 371 F. App'x 513, 514 (5th Cir. 2010) (finding petitioner's release was not imminent and the petitioner therefore "failed to establish an 'immediate injury' that would be redressed by the relief that she seeks").  A prisoner is not entitled to have FSA credits applied until she has "[e]arned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment."  28 C.F.R. § 523.44(b)(1).  Parviz has not come close to earning enough FSA credits to have an immediate entitlement to any credit against her custodial sentence.  She has more than two years left to serve on her sentence, and she has earned only 100 days of FSA credits.

Moreover, these credits are not static, and they may change or be lost depending on a variety of circumstances, including if Parviz opts out of recidivism reduction programming or violates certain rules and requirements, *see* 18 U.S.C. § 3632(e), or if her assessed risk of recidivism changes, *see id.* § 3632(d)(4)(A).  Parviz's FSA credits and

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

projected release date may therefore change throughout the next two years, and any adjudication of her claim for FSA credits is thereby premature. Her claim is not currently ripe, will not be ripe for at least a year, and should be dismissed.

### 2. *Parviz has not exhausted her administrative remedies.*

An inmate may challenge BOP's sentencing "calculation—in other words, the execution of the sentence—by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015). This includes a challenge to BOP's computation of FSA time credits. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (deprivation of "good-conduct-time" credits may be challenged in a § 2241 petition). However, "[t]he doctrine of exhaustion of administrative remedies . . . provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. United States*, 395 U.S. 185, 193 (1969) (citation omitted).

While § 2241 has no exhaustion requirement, "[a]s a prudential matter[] courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). This is because exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Unless some exception to the exhaustion rule applies, a § 2241 petition should be dismissed if the petitioner has failed to exhaust her administrative remedies. *See Martinez*, 804 F.2d at 571; *Chua Han Mow v. United States*, 730 F.2d 1308, 1313–14 (9th Cir. 1984).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Parviz has not exhausted her administrative remedies regarding the application of her FSA time credits, and there is no record of her having tried to resolve this issue through the appropriate channels within the BOP. This is a matter in which requiring the exhaustion of administrative remedies would be prudent. Parviz has ample time to pursue her claims administratively, and the process would focus and clarify her claim and provide the Court with a more developed record from which to decide the merits.

### 3. *BOP has not classified Parviz as ineligible to earn FSA time credits.*

Parviz's remaining claim – that the BOP has incorrectly taken the position that she is not eligible to earn FSA credits – should also be denied on the merits. Records from the BOP demonstrate that Parviz's claim is false, and she has been categorized as eligible to earn FSA credits and has earned 100 days of credit thus far. *See* Brieschke Declaration, ¶ 3; Ex. 1. Parviz has further requested that the Court direct the BOP to apply her FSA credits but, as a matter of law, Parviz is not currently entitled to application of those credits. Parviz has not accumulated credits equal to the remainder of her term, nor has she been determined to be a minimum or low risk to recidivate. *See* 18 U.S.C. 3624(g)(1); 28 C.F.R. § 523.44(b)–(d).

**C.    Parviz's claim of actual innocence is wholly unsupported and can only be brought in a § 2255 motion with the sentencing court.**

An actual innocence claim must be brought in a § 2255 motion except "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). This is a rare situation, limited to cases where the sentencing court "no longer exists" or perhaps where some external impediment prevents the defendant from bringing a § 2255 motion in the sentencing court. *Id*. at 474–75. Parviz has not shown that her case fits this narrow exception. And the fact that Ninth Circuit precedent precludes the sentencing court from ruling on a § 2255 motion until her direct appeal is resolved does not entitle her to bring a § 2241 petition at this juncture. *See id*. at 480–81.

Response to Section 2241 Petition — 12
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Nor could Parviz bring her actual innocence claim in a § 2241 petition under the Ninth Circuit's pre-*Jones* standards (assuming they still apply). To do so, the petitioner must show that she "has not had an unobstructed procedural shot at presenting that claim" of actual innocence in a § 2255 motion. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Parviz has never attempted to present her actual innocence claim in a § 2255 motion and, since her direct appeal is still pending, the time for her to do so has not even started to run. *See* 28 U.S.C. § 2255(f)(1). Parviz will be free to raise this claim in a § 2255 motion once her direct appeal is decided, which means she has not been deprived of an unobstructed procedural shot at doing so. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim," a court considers "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion.'") (citation omitted).

Parviz has also not provided the Court with any evidence showing that she is innocent of her state convictions and, even if she could, her Texas conviction for attempted kidnapping is not an "underlying" conviction upon which her federal convictions depend. Parviz was convicted federally for unauthorized use of a romantic partner's identifying information to make false statements on a passport application; invalidation of any of her state convictions would have no bearing on the federal conviction. Without a plausible actual innocence theory, a petitioner cannot pursue that claim in a § 2241 petition. *See Lorentsen v. Hood*, 223 F.3d 950, 954–56 (9th Cir. 2000).

## IV. CONCLUSION

Parviz is not being held in custody in violation of the provisions of the First Step Act or any other law. She has failed to present claims that can be remedied by a § 2241 petition, and her remaining claims are non-justiciable, have not been exhausted

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

administratively, and are without merit. Accordingly, respondents respectfully request that the Court dismiss the petition.

DATED this 7th day of March, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Lyndsie R. Schmalz*
LYNDSIE R. SCHMALZ
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:    (206) 553-2687
Fax:             (206) 553-0755
Email: lyndsie.r.schmalz@usdoj.gov

Response to Section 2241 Petition — 14
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and to be served on the Petitioner, Mahsa

Parviz who is proceeding *pro se*, by First Class Mail to the following address:

Masha Parviz, Registration No. 54652-509
FDC SeaTac
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198

 s/ John M. Price
JOHN M. PRICE
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970

Response to Section 2241 Petition — 15
*Parviz v. Barron*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970