The Honorable John H. Chun
The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAHSA PARVIZ,

Petitioner,

v.

HOWARD C. BARRON (Warden,
Federal Detention Center SeaTac); COLETTE
S. PETERS (Director, Bureau of Prisons),

Respondents.

No. C23-1407-JHC-DWC

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Note On Calendar:  April 18, 2024

Petitioner Mahsa Parviz is a federal prisoner confined at the Federal Detention Center (FDC) in SeaTac, Washington.  Parviz has filed a *pro se* habeas petition under 28 U.S.C. § 2241 asserting claims for federal credit for a state sentence and First Step Act earned time credits (FSA credits).  Dkt. 9.  Respondents have filed an answer and opposition, and any additional briefing from Parviz must be filed by April 29, 2024. Dkt. 42, 48.  All briefings should be completed by the current noting date, May 3, 2024. In the meantime, Parviz has filed a motion for temporary restraining order directing the Bureau of Prisons (BOP) to (1) transfer her custody to another, unidentified facility, (2) carry out her surgery "as scheduled," and (3) facilitate family visits.  Dkt. 54, p. 2.  The Court should deny the motion.

Opposition to Motion for TRO — 1
*Parviz v. Barron, et al.*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

A temporary restraining order[1] is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Marzurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Because Parviz's requested injunction would require the BOP to take affirmative action – transfer, surgery, and access to particular visits – her request is treated as a mandatory injunction, which is "particularly disfavored" because it "goes well beyond maintaining the status quo." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

A petitioner seeking a temporary restraining order must show that "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  Alternatively, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation omitted).

Parviz has not met the burden for either showing.  Parviz has not made a clear showing that she is likely to succeed on the merits of her habeas petition.  *See* Dkt. 45 (answer and opposition to petition).  In short, many of Parviz's claims challenge the legality of her sentence and can only be made in a motion under 28 U.S.C. § 2255 with the sentencing court in the Central District of California.  Parviz's remaining claim regarding FSA credits is not ripe for judicial review, has not been adequately exhausted with the BOP, and is premised on misrepresentations.  For these reasons, Parviz is unlikely to

---

[1] The standard for obtaining a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Opposition to Motion for TRO — 2
*Parviz v. Barron, et al.*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  succeed on the merits of her petition, and she has fallen far short of the "clear showing"

2  required for a temporary restraining order.

3      Parviz has failed to provide sufficient support for her contention that she will suffer

4  irreparable harm if the Court does not grant her requested relief.  Though Parviz asserts

5  that she will not be transferred or receive her requested surgery in a "timely" manner,

6  Dkt. 54, p. 3, she provides no factual support for her claim that the requested surgery is

7  medically necessary or that a transfer is necessary for her to receive the surgery.  The

8  request for a TRO also does not acknowledge that Parviz has been tentatively accepted into

9  the Female Integrated Treatment (FIT) Program, which offers cognitive behavioral therapy

10  for substance abuse disorders, mental illness, and trauma-related disorders, as well as

11  vocational training, to female inmates.[2]  Parviz's specific designation and transfer date for

12  participating in this program are pending determination by the BOP.

13      Finally, Parviz has not made a "clear showing" that her requested relief would be

14  an appropriate balancing of the equities or in the public interest.  While "compliance with

15  the law is in the public interest," there has been no showing that the BOP is acting outside

16  of its statutory authority or in contravention of applicable laws.  *Id.* at p. 4 (citing *N.D. v.*

17  *Haw. Dep't of Educ.*, 600 F.3d 1104, 1113 (9th Cir. 2010)).

18      Parviz appears to be using this request for injunctive relief as a second bite at the

19  apple after the Court denied her motion for custodial transfer.  And because Parviz's

20  requested relief is separate from the claims that she has advanced in her habeas petition,

21  the motion suggests that she is attempting to use the pending petition as a vehicle for

22  requesting Court involvement in every issue she has while in custody.  The Court should

23  decline to entertain these requests, however, as the claims underlying the requests would

24  never properly be before this Court in her pending habeas petition.  With regard to transfer

25  to another facility, federal statutes explicitly and strictly limit judicial review of the BOP's

26

27

---

[2] *See* Female Integrated Treatment (FIT), *available at* https://www.bop.gov/policy/progstat/5240_001.pdf.

Opposition to Motion for TRO — 3
*Parviz v. Barron, et al.*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

placement and designation decisions.  *See* 18 U.S.C. § 3621(b) (providing that a designation "is not reviewable by any court"); *id.* ¶ 3625 (providing that the Administrative Procedures Act does not apply to placement decisions).  The Ninth Circuit has held that a Court may only review such a placement or transfer decision if it "is contrary to established federal law, violates the United States Constitution, or exceeds [the BOP's] statutory authority," and not when a petitioner argues that "the BOP erred in [her] particular case." *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011).  With regard to surgery, a medical care claim is a challenge to a condition of confinement and can therefore only be raised by way of a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agency of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  As for family visitation, this is also a challenge to a condition of confinement and therefore could not be raised in a habeas petition.  Additionally, Parviz appears to be primarily concerned with obtaining family visits with the biological daughter she attempted to kidnap, and with whom she has been ordered to have no contact.

Accordingly, the motion for temporary restraining order should be denied.

DATED this 19th day of April, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Lyndsie R. Schmalz*
LYNDSIE R. SCHMALZ
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-2687
Fax:            (206) 553-0755
Email: lyndsie.r.schmalz@usdoj.gov

Opposition to Motion for TRO — 4
*Parviz v. Barron, et al.*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on April 19, 2024, I electronically filed the foregoing with the

3    Clerk of the Court using the CM/ECF system, and to be served on the Petitioner, Mahsa

4    Parviz who is proceeding *pro se*, by First Class Mail to the following address:

5

6          Masha Parviz, Registration No. 54652-509
           FDC SeaTac
7          Federal Detention Center
           P.O. Box 13900
8          Seattle, WA  98198

9

10

11
                                                  s/ John M. Price
12                                          JOHN M. PRICE
                                            Paralegal Specialist
13                                          United States Attorney's Office
                                            700 Stewart Street, Suite 5220
14                                          Seattle, Washington 98101
                                            Phone: (206) 553-7970
15

16

17

18

19

20

21

22

23

24

25

26

27

Opposition to Motion for TRO — 5
*Parviz v. Barron, et al.*, C23-1407-JHC-DWC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970