TRULINCS  54652509 - PARVIZ, MAHSA - Unit: TAL-F-W

--------------------------------------------------------------------------------

FROM: 54652509
TO: Clerk
SUBJECT: 4/29/24 REPLY TO GOVERNMENT'S RESPONSE (Dkt. 43)
DATE: 06/08/2024 07:03:45 PM

FILED
LODGED
RECEIVED
MAIL

JUN 1 8 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Dear Clerk,

Please file the enclosed Reply in Cause No. 2:23-cv-01407-JHC-DWC.

If you have any questions, please do not hesitate to contact me via email at BPARVIZ@COLLIN.EDU or MPARVIZ1117@GMAIL.COM or via phone at (972) 375-1202.

Respectfully

Mahsa Parviz

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: TAL-F-W
-----------------------------------------------------------------------------------------------------

MAHSA PARVIZ #54652509
P.O. Box 5000
Tallahassee, FL 32314

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAHSA PARVIZ,<br>    Petitioner, | DC No. 2:23-cv-01407-JHC-DWC<br>CA No. 24-1315 |
| v. | PETITIONER'S REPLY TO GOVERNMENT'S<br>RESPONSE (Dkt. 43) |
| HOWARD BARRON,<br>    Respondent.<br>_____\| | Hon. David W. Christel |

   COMES NOW, Petitioner MAHSA PARVIZ, and files PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE (Dkt. 43), traversing the allegations therein.

   I.    BACKGROUND

1.1    Parviz initially petitioned for 28 U.S.C. Sec. 2241 habeas relief on September 4, 2023 (Dkt. 1), at which time she was eligible for immediate release if the BOP would correctly apply the ETCs and other time credits to which she was and still is entitled. The habeas petition has since been amended and supplemented, as reflected by the record and briefing on several relevant, ancillary issues, is complete.

1.2    This Court issued an Order directing service and answer of the habeas petition on January 9, 2024 (Dkt. 16). Respondents requested a 30-day extension to answer and an additional extension of time was granted on March 29, 2024 due to Respondents' failure to timely serve Petitioner with a complete copy of their answer (Dkt. 48). Respondents re-designated Petitioner to FCI Tallahassee in Florida on April 12, 2024 and Petitioner has been in transit thereto until May 7, 2024. Petitioner provided prompt notice to the Court regarding her inability to prosecute this case due to lack of access to her legal property and received filings from Respondent on or about May 26, 2024. Petitioner now files this reply to the Government's Response (Dkt. 43).

1.3    Respondents' return is riddled with several misrepresentations to this Court, many of which are premised on incorrect interpretations of law and fact, as Petitioner will show infra. Respondents have not provided sufficient evidence to this Court in support of their allegations. The scant evidence provided by the Government consists of records purportedly maintained over the regular course of business which contain incorrect and inconsistent entries and are therefore unreliable and inadmissible. Specifically, as it impacts her eligibility to earn FSA credits, BOP records in Respondents possession which Respondents elected not to file correctly show Petitioner was not housed in the SHU from May 2023 through September 2023, yet the sole record filed by Respondents states Petitioner was housed in the SHU from January 1, 2023 through September 2023, which is entirely incorrect. The inconsistent record keeping practices impact the FSA time credit calculations and Respondents evidence should not be considered.

1.4    The record before this Court contradicts Respondents contentions as to Petitioner's housing. Had Petitioner been housed in the SHU during the period alleged by Respondents, she would not have had access to the TRULINCS electronic messaging platform which she used to draft and file her initial habeas petition (Dkt. 1). Several of Petitioner's filings with this Court reflect that Petitioner was not housed in the SHU and was therefore, eligible to earn and have applied the FSA credits which she seeks from this Court.

1.5    Contrary to Respondents' contentions, Petitioner has established a concrete and ongoing injury as required under Article III, chiefly that she has been and is still serving excess time in custody as a result of the BOPs incorrect calculation of her time credits, and that her status in BOP custody is unconstitutional given her actual innocence. Accordingly, Petitioner has Article III standing and is entitled to habeas relief on all three claims. Even if Petitioner were to be released from BOP custody, Respondents refusal to properly apply time credits causes an ongoing injury to Petitioner, who will have restrictions imposed upon her liberty while at a halfway house or on supervised release when she should not be subject to a judgment of conviction.

1.6    As a threshold matter, Respondents' summary of the district court proceedings contains numerous factual inaccuracies

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: TAL-F-W

----------------------------------------------------------------------------------------------------

which Petitioner corrects herein. The underlying criminal proceeding arose from Petitioner's lawful application for her daughter's U.S. passport and passport card with expedited processing on June 11, 2019 in Los Angeles, California. The Government incorrectly contends that Petitioner's application was unlawful and contained a false statement because Petitioner claimed to be C.P.'s mother therein but lacked parental rights due to a December 3, 2018 default judgment in  sealed Texas family court Case No. 469300122018. Petitioner's conduct, however, did not violate any law whatsoever. Petitioner filed proof of parental rights and is actually innocent as third-party Blake Riad-James Maso committed fraud on the court. The alleged 2019 "scheme" did not involve a "romantic partner" as Respondents contend. It was established at trial that Petitioner met B.B., a medical provider, on a quid pro quo website as she was desperately seeking help and information about her daughter's health. It was further established at trial that B.B. was, amongst many other things, actually a sexual predator who had been surreptitiously recording women without their consent. B.B. is not Petitioner's "romantic partner" and Respondents are reminded to prudently verify their facts so as to not offend the Court and further drag Petitioner's name through the mud.

II.      PETITIONER HAS EXHAUSTED ALL AVENUES OF RELIEF UNDER THE APA

2.1      Respondents falsely represent to the Court that Petitioner has not exhausted her administrative remedies. Respondents go as far as contradicting themselves by first alleging that Petitioner has not filed any administrative remedy requests and thereafter represent to the Court that they have a record of a February 15, 2023 administrative remedy request relevant to the issues herein.

2.2      Petitioner began the administrative remedy process by submitting a BP-8 and then a BP-9 at the beginning of 2023 and provided her forms to unit Case Manager Giery at FDC SeaTac. Petitioner thereafter gave her BP-10 and BP-11 to Case Manager Giery, who abruptly quit her position at FDC SeaTac about May 2023. At the same time, all female units lacked a Counselor, who is the first point of contact for documenting and processing a BP-8. Petitioner was directed by institution staff to place all administrative remedy forms in the unit mail box and did so. Petitioner initiated the instant proceedings after 30 days lapsed from the date of her last BP-11 submission (Dkt. 1).

2.3      A Counselor was only recently hired for the female unit at FDC SeaTac at the beginning of this year. It is not Petitioner's responsibility to properly staff a BOP institution. The BOP simply cannot claim that the petition is not ripe for review for an alleged failure to exhaust administrative remedy procedures when their own institution is at fault for failing to properly document and process their administrative remedy forms. This Court should find that Petitioner has exhausted her administrative remedies or that an exception to the exhaustion rule applies.

III.     CLAIM ONE - STATE TIME CREDITS

3.1      Petitioner's first claim does not seek to alter the sentencing Court's decision, as Respondents contend. The factual basis for Parviz's first claim of entitlement to 516 days of other time credits from time served in the state of Texas is based upon the sentencing court's lawful and discretionary denial to credit the discharged offense at sentencing and the BOP's resulting obligation to apply the credits under 18 U.S.C. Sec. 3585.

3.2      Petitioner concedes to Respondents' allegation that the attempted kidnapping offense for which she served time from August 9, 2019 to January 5, 2021 was undischarged instead of discharged and that the relevant sentencing statute was U.S.S.G. Sec. 5K2.23, not U.S.S.G. Sec. 5G1.3.

3.3      The district court properly exercised its discretion in denying application of the discharged sentencing credit under U.S.S.G. Sec. 5K2.23. Therefore, the relevant statute for the purposes of the instant case is 18 U.S.C. Sec. 3585, under which it is mandatory that the BOP credit Petitioner for said time credits in the amount of 516 days which have not yet been credited against another sentence. The proper procedural vehicle to seek this relief is by a 28 U.S.C. Sec. 2241 habeas petition, not a 28 U.S.C. Sec. 2255 habeas petition as Respondents contend.

3.4      Respondents misrepresent Petitioner's claims relevant to her pending direct appeal, which was set for oral argument on May 17, 2024 in Pasadena, California. Petitioner's pending direct appeal does not seek the application of the 516 day time credit but instead argues that the sentencing court erred by failing to consider the all evidence before it, including the circumstances of her offense and the inflation of her criminal history as a result of the Government's deliberate 2-year delay to indict Petitioner. The fact that Petitioner served 516 days in state custody from August 9, 2019 to January 5, 2021 is relevant to her claims on direct appeal only to the extent that it caused Petitioner's criminal history points to be much greater than it would've been if Petitioner was indicted on August 9, 2019 when the Government obtained C.P.'s passport and passport card. Accordingly, the relief sought on direct appeal does not impact the relief sought herein.

IV.      CLAIM TWO - FSA TIME CREDITS

TRULINCS  54652509 - PARVIZ, MAHSA - Unit: TAL-F-W

--------------------------------------------------------------------------------------------------------------

4.1     Respondents' contention that Petitioner is not currently statutorily eligible to have her FSA time credits applied wholly lacks merit and is not supported by any evidence or law. Respondents fail to identify with particularity the statute, if any, which could support their allegation that Petitioner is not eligible to have her previously earned FSA credits applied towards her sentence while Petitioner's recidivism risk is medium.

4.2     Respondents further represent that Petitioner has earned FSA credits in the amount of 100 days, yet that calculation is also incorrect. Petitioner should receive FSA credits since entry of the judgment on July 12, 2022 while she was in federal custody at MDC Los Angeles, in the amount of 240 months. Respondents have not presented any argument in opposition thereof. Even if FDC SeaTac began calculating Petitioner's FSA credits from the date she arrived to FDC SeaTac on August 9, 2022, approximately 22 months ago, Petitioner is entitled to 220 days of FSA credits. Again, Respondents do not offer any valid explanation for this significant discrepancy.

4.3     Petitioner must receive 10 days of time credits per month as her recidivism risk, as reported by Respondents, is medium. Only if Petitioner was at minimum or low risk of recidivism would she then be statutorily eligible to receive an additional 5 days, for a total of 15 days of time credit per month, however Petitioner is not claiming the additional 5 days credit per month.

V.      CLAIM THREE - ACTUAL INNOCENCE

5.1     Petitioner has parental rights to her minor daughter and has filed evidence supporting this claim. The Government cannot condone fraud on the Texas court committed by third-party Blake Riad-James Maso and burden Petitioner with the consequences of his fraud. Petitioner requests an evidentiary hearing on this and all claims if the Court is not satisfied with the present record and her entitlement to relief.

VI.     CONCLUSION

6.1     Petitioner has demonstrated that the BOP is unlawfully holding her in custody. A 28 U.S.C. Sec. 2241 habeas petition is the proper procedural vehicle to remedy her claims herein, the claims are justiciable, ripe for consideration and with merit. Accordingly, this Court should GRANT the petition for habeas relief and any other such relief to which she may be entitled.

DATED this 8th day of June, 2024

Respectfully submitted,

_____ /s/ Mahsa Parviz _____
MAHSA PARVIZ

FEDERAL DETENTION CENTER
NAME: Mehve Parviz
REG: 54653589   UNIT: F West
P.O. BOX 5000
Tallahasse, FL 32314

United States District Court
Attn: Clerk (for filing in Cause No. 2:23-cv-01407-JHC-DWC)
700 Stewart St
Seattle, WA 98101

FILED
LODGED
RECEIVED

JUN 18 2024

AT SEATTLE
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

MAIL

forever usa